IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD CARPENTER,  :
        Plaintiff,  :    CIVIL ACTION
          :
    v.  :
          :
WAWA,  :
        Defendant.  :    NO. 09-2768

**MEMORANDUM**

GENE E.K. PRATTER, District Judge                                  DECEMBER 3, 2009

Mr. Richard Carpenter has brought suit against Wawa, his former employer, for violations of the Collective Bargaining Agreement ("CBA") entered into between Wawa and his union, Teamsters Local Union 463 (the "Union"). Mr. Carpenter asserts claims against Wawa for wrongful termination (Count I) and breach of contract (Count II).[1] Presently before the Court is Wawa's Rule 12(b)(6) motion to dismiss both of these claims. For the reasons stated below, Wawa's Motion to Dismiss is granted.

**I.      STATEMENT OF ALLEGED FACTS**

Mr. Carpenter was employed as a delivery person for Wawa and subject to the Collective Bargaining Agreement with Teamsters Local Union 463. (Compl. ¶ 3.) In this position, Mr.

---

[1] This case was originally filed in the Court of Common Pleas of Philadelphia County. On June 18, 2009, Wawa removed this case to this Court pursuant to 28 U.S.C. §§ 1331 and 1141, on the grounds that the Complaint seeks to enforce claims or rights under the Labor Management Relations Act, 29 U.S.C. § 185.

Carpenter apparently delivered goods to the Millcroft Center on a regular basis.[2]  (Compl. ¶ 4.) On or around April 13, 2007, Mr. Carpenter was terminated as a Wawa employee because of "alleged and misperceived racial jokes at the Millcroft Center."  (Compl. ¶ 5.)

The Complaint alleges that Mr. Carpenter was not permitted to confront his accusers and that Wawa violated the CBA by terminating Mr. Carpenter "without investigative basis or reasonable cause" and by failing "to handle the matter with a written discipline."  (Compl. ¶¶ 6,7,8.)  The Complaint alleges that Mr. Carpenter was forced to seek employment with Dean Foods at a lower hourly wage after being terminated by Wawa.  (Compl. ¶ 7.)

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley, 355 U.S. at 47), a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Id.  To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] The Complaint does not specify what Mr. Carpenter's duties were or the significance of the Millcroft Center.

misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

## III. DISCUSSION

As an initial matter, Wawa argues that Mr. Carpenter's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Section 301(a) provides, in relevant part, that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States . . . ." As the Supreme Court has made clear, "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 23 (1983) (internal citation omitted) ; see also Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1536

(3d Cir. 1992) ("Supreme Court precedent unequivocally instructs us to resolve disputes concerning collectively bargained labor agreements pursuant to federal labor law rather than state law."). The purpose of federal preemption in this area is to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 404 (1988).

It is clear from the Complaint and Mr. Carpenter's opposition brief that Section 301 of the LMRA governs the wrongful termination and breach of contract claims.[3] In support of his breach of contract claim, Mr. Carpenter alleges that "[t]he failure of Defendant, Wawa to adhere to the terms of the Collective Bargaining Agreement is in direct breech [sic] of said agreement." (Compl. ¶ 12.) In support of his wrongful termination claim, Mr. Carpenter alleges that he "was wrongfully terminated from his position without investigation or proper adherence to the Collective Bargaining Agreement." (Compl. ¶ 9.) The only contract the Complaint cites is the Collective Bargaining Agreement between Wawa and the Union. Thus, in order to evaluate Mr. Carpenter's claims, the Court must necessarily interpret provisions of the CBA.

In his far-reaching and sometimes unclear response to the preemption argument, Mr. Carpenter alleges, for the first time, that "there was no full hearing on the issue" of his termination and that "[t]here were no opportunities to confront his alleged accusers nor address a

---

[3] Wawa argues that Mr. Carpenter's opposition brief was untimely by one day under the Court's local rules. See Local Rule 7.1(c). This Court elects to consider Mr. Carpenter's opposition brief; assuming it was timely filed, it does not present any argument or authority to save Mr. Carpenter's Complaint from dismissal.

4

sufficient 'grievance.'" (Opp'n at 3.)[4] As a result, Mr. Carpenter alleges that his "claims were abandoned by the Union leaving him no alternative but to seek common law redress." (Opp'n at 4.) Because these allegations were not contained in the Complaint, they cannot be considered by the Court in ruling on Defendant's Motion to Dismiss. See Hammond v. City of Philadelphia, No. 00-5082, 2001 WL 823637, at *2 (E.D. Pa. Jun. 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.").[5]

Therefore, the Court will analyze Mr. Carpenter's claims under Section 301 of the LMRA. Under this framework, Wawa argues that, before reaching the substance of the claims, the Complaint should be dismissed for two reasons: (1) Plaintiff has failed to exhaust his administrative remedies, and (2) Plaintiff's claims are barred by Section 301's statute of limitations.

### A. Mr. Carpenter's Failure to Exhaust his Administrative Remedies

"It is well established that in order to maintain a § 301 action on a labor contract, an employee must first exhaust the grievance and arbitration provisions of a contract." Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d. 329, 334 (3d Cir. 1985) (citing Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965)); see also Manning v. Bouton, 678 F.2d 13, 16 (3d Cir. 1982) ("Being bound by the collective bargaining agreement, [Plaintiff] was not free to ignore the

---

[4] Plaintiff cites to four cases in his opposition brief, none of which is germane to Wawa's preemption argument. Plaintiff also asserts that this case should be remanded to the Court of Common Pleas. Such an informal request posed in an opposition brief will not be considered; if a challenge to Wawa's removal of this matter was to have been mounted, a motion to that effect for remand should have been filed in accordance with applicable rules.

[5] Even if these allegations were considered by the Court, however, as discussed below, Plaintiff's Complaint cannot survive Wawa's Motion to Dismiss.

procedures it specifies for the pressing of grievances by bringing suit in federal court."). Aggrieved employees "must exhaust their CBA's grievance and arbitration procedures before filing a complaint in federal court 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Doubts should be resolved in favor of coverage*.'" Angst, 969 F.2d at 1537 (quoting United Steelworkers of Amer. v. Warrior & Gulf Navigation, Co., 363 U.S. 574, 582-83 (1960) (emphasis added)).

Here, the CBA agreement between Wawa and the Union contains a detailed grievance and arbitration procedure.[6] Under this procedure, "in the event of a complaint or grievance arising under this agreement," an aggrieved employee must first notify his or her shop steward in writing and identify the specific provisions in the CBA alleged to be violated. (See Def.'s Ex. A, Collective Bargaining Agreement, Article XXI). The shop steward must then discuss the matter with Wawa and the two parties must make a reasonable effort to reach a solution. (Id.) Ultimately, if neither the shop steward nor the Union can resolve the matter with Wawa, the matter "shall be referred to arbitration." (Id.)

The Court finds that the foregoing provisions of the CBA and the procedures outlined in, and required by, them, which cover disputes "arising under" the CBA, are applicable to Mr. Carpenter's breach of contract and wrongful termination claims. Therefore, the Complaint must be dismissed because it lacks any suggestion whatsoever that Mr. Carpenter pursued the

---

[6] As part of its consideration of a motion to dismiss, the Court "may properly consider any documents incorporated by reference into the complaint and all documents of which it can take judicial notice." Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007). The CBA at issue here is just such a document.

6

grievance procedures outlined in the CBA, a prerequisite to bringing a Section 301 claim.

In this situation, the Court would normally afford Plaintiff an opportunity to file an amended complaint, but as discussed below, such an exercise would be futile because, even assuming Mr. Carpenter can demonstrate exhaustion, his claims would be barred by the statute of limitations.

### B. Mr. Carpenter's Claims are Barred by the Statute of Limitations

Claims under Section 301 of the LMRA fall into two general categories: pure claims and hybrid claims. Pure claims are cases brought by a union against an employer. Serv. Employee Int'l Union Local 36 v. City Cleaning Co., 982 F.2d 89, 94, n.2 (3d Cir. 1992). Hybrid claims are brought by an employee alleging that the employer breached the collective bargaining agreement *and* that the employee's union violated its duty to fairly represent the employee. Id. (emphasis in original). An employee can bring Section 301 claims against an employer even when the union is not a named defendant, but in that event, the employee must still allege and eventually prove that the union breached its duty of fair representation. See Albright v. Virtue, 273 F.3d 564, 576 (3d Cir. 2001) (holding that a breach of the duty of fair representation claim is a necessary condition precedent to a § 301 claim); Felice v. Sever, 985 F.2d 1221, 1226 (3d Cir. 1993) (in a § 301 hybrid action, "the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa").

Pure claims are subject to state law statutes of limitations. Serv. Employee Int'l Union Local 36, 982 F.2d at 94-96. In contrast, hybrid claims must ordinarily be filed within six months from the date they accrue. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983);

Vadino v. A. Valley Engineers, 903 F.2d 253, 260 (3d Cir. 1990) (holding that the six month statute of limitations was applicable to claims by an employee against an employer alleging breach of the collective bargaining agreement).

It is not clear which type of Section 301 claim Mr. Carpenter asserts. This Complaint, on its face, appears to be a "pure" claim because Mr. Carpenter has not brought claims against his Union, but rather has proceeded directly against his employer for breaches of the CBA. Pure claims, however, can only be asserted by unions against employers, so this avenue is actually not available to Mr. Carpenter as an individual plaintiff.

Thus, if granted leave to amend his Complaint to challenge his termination under the CBA, he would be caught between Sylla and Charybdis: not able to a assert a pure claim against Wawa, he would have to assert a hybrid claim and allege, as he seems to do in his opposition brief, that his Union did not fairly represent him. In that event, however, he could not satisfy the six month statute of limitations for hybrid Section 301 claims because the Complaint alleges that Mr. Carpenter was terminated on or about April 13, 2007. Therefore, the six-month statute expired on or about October 17, 2007, long before Mr. Carpenter filed this action in May 2009. See Price v. General Cable Industries, Inc., No. 05-424J, 2006 WL 3393686, at *6 (W.D. Pa. Sept. 29, 2006) ("Even if Price could demonstrate to the Court that she had exhausted her administrative remedies, her claim against GCI would be barred by her failure to allege any violation of the Union's duty of fair representation. But by alleging some violation of that duty, Price would trigger § 10(b) and her claim would be untimely for being filed after six months had lapsed."); Henderson v. Merck & Co., 998 F. Supp. 532, 542 n.5 (E.D. Pa. 1998) ("[E]ven if [plaintiff] had exhausted his administrative remedies, his claims under Section 301 are barred by

the applicable six month statute of limitations."). Because amending the Complaint would be futile, the Court will dismiss the complaint with prejudice.

## III.    CONCLUSION

For the foregoing reasons, the Court grants Wawa's Motion to Dismiss with prejudice. An appropriate Order will follow.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE